IN THE MATTER OF JOHN M. B. CHILD.

1. Where the alleged lunatic is in an asylum, the commission should be executed in the county where his mansion and estate are, or where he last resided before being sent to the asylum.

2. It is not absolutely necessary that the alleged lunatic should be before the jury. A commission may issue where he is a non-resident, or temporarily absent from the state, and where it is impossible for the jury to see him.

3. If necessary, the court will order the party having the alleged lunatic in charge, to bring him before the jury.

4. Where the estate of the lunatic is small, the court will, it seems, in order to avoid inconvenience and expense, order the commission to issue to a different county from that in which he resides.

*A. Mills*, for petitioner.

THE CHANCELLOR. The alleged lunatic is an inmate of the State Lunatic Asylum, in the county of Mercer. Before he was sent to the asylum, he resided in the county of Morris, where his property is situate. In which county shall the commission be executed? Neither the statute, nor the rules of the court, give any direction on the subject. The regular practice of the court is, to direct the commission to be executed in the county where the lunatic ordinarily resides. This is in accordance with the ancient practice of the court. *Ex parte Baker*, 1 *Cooper's Ch. Cas.* 205; *S. C.,* 19 *Vesey* 340; *Ex parte Hall*, 7 *Vesey* 260; *Ex parte Smith*, 1 *Swanston* 4.

In *ex parte Smith*, Lord Eldon said: "If a man resident in the city of London, were conveyed by force into Essex, he would still for this purpose be resident in the city. A man cannot be said to reside in a place, to which he has been carried, while he has not mind enough to intend a change of residence."

The execution of the commission in the county where his residence was, prior to his removal to the asylum, and where

In the matter of Child.

his property lies, is not only in accordance with the settled usage of the court, but will be found in practice, to be the most convenient and appropriate course. If there be any doubt as to the insanity of the party, the investigation and decision of that question, at a place remote from his family and former friends and associates, would be open to grave observation. The inquisition, moreover, respects not only his present lunacy, but how, and when it originated. It extends also to the alienations made by him of his real estate; the lands which still remain to him, and their value; who are his nearest heirs, and their ages. All these questions will be most conveniently and satisfactorily investigated in the place where the party has resided, and where his property is. In *Southcot's case*, 2 *Ves. sen.* 401, the alleged lunatic being abroad, Lord Hardwicke ordered the commission to issue to the county where the mansion-house and a great part of the estate lay.

The objections to this course, that the jury are entitled to see and examine the party, and that witnesses who can speak most satisfactorily as to his present condition of mind, will be found at the asylum, are not insuperable.

It is not absolutely necessary that the party should be before the jury, and in cases free from doubt, it is perhaps not usual.

A commission may issue where the alleged lunatic is a non-resident, or temporarily absent from the state, and where it is impossible for the jury to see him. *Ex parte Southcot*, 2 *Ves. sen.* 401; *S. C., Ambler* 109; *In the matter of Perkins*, 2 *Johns. Ch. C.* 124; *In the matter of Petit*, 2 *Paige* 174; 2 *Barb. Ch. Pr.* 230. And where the party is in the state, and accessible, he may be seen by some of the commissioners, and of the jurors. The material point is, that the minds of the jurors should be satisfied. *Ex parte Smith*, 1 *Swanston* 7; *Case of Covenhoven, Saxton* 19.

Or, if necessary, an order will be made by the court that the party having the lunatic in charge, should have him before the jury. *Shelf. on Lun.* 91; 2 *Hoffman's Ch. Pr.* 252.

In the matter of Child.

It seems from one or two modern cases, that where the estate of the lunatic is small, the court, in order to avoid inconvenience and expense, will order the commission to issue to a different county from that in which the alleged lunatic resides.  *In re Waters*, 2 *Mylne & C.* 38 ; *In re Mills, Ibid. note a.*

The residence of the party must be deemed to be where his mansion and property are, or where his last residence was, before he came to the asylum.   In the absence of very special cause for a different course, the commission should issue and be executed accordingly.